IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES BONNER                                                                                  PETITIONER

VS.                                                           CIVIL ACTION NO.  3:19cv293-DPJ-FKB

VICTOR MASON                                                              RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by James Bonner.  At the time he filed his petition, Bonner was a pretrial detainee being held at the Hinds County Detention Center in Raymond, Mississippi, on State criminal charges of receiving stolen property, possession of a stolen weapon, and felon in possession of a firearm.  [1]; [9].  In his filings, he alleges that he has been denied his constitutional rights to due process and a speedy trial, he has suffered ineffective assistance of counsel, and his detainment is illegal because the State has failed to indict him.  [1] at 7.  Bonner admits that he has not sought relief in the state courts.  *Id.* at 3.  Nevertheless, he asserts that he has filed a motion for bond review in the Circuit Court of Hinds County.  *Id.* at 6.  He asks for immediate release from custody and any other relief the court deems necessary.  *Id.* at 8.  In a later filing, Bonner states that he was released on bond on May 25, 2019, and is currently under house arrest pending trial. [9].

Presently before the Court is Respondent's Motion to Dismiss [12] and Supplement [13].  The State's filings demonstrate that Bonner has been indicted as a habitual offender on the charges at issue in his petition.  [13-1].  Bonner has not responded to either the Motion or its Supplement.

A state court prisoner may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). To the extent that petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial, relief under § 2241 is not available. *Id.* Thus, Bonner's allegation of a speedy trial violation fails to state a claim under § 2241.

Furthermore, it appears that Bonner has not exhausted his state court remedies as to his speedy trial claim. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). According to the docket of his criminal case, there were no motions for a speedy trial pending in that action when the Respondent filed its Supplement *See* [13-3]. Bonner also admits in his petition that he has not sought any relief in state court regarding his claims. *See* [1] at 3-4. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson.*, 816 F.2d at 227. Therefore, this Court may not entertain this ground for relief.

Finally, the Court observes that Bonner admits that he has been released on bond, pending trial. *See* [9]. Bonner has further confirmed his release by updating his address in the Court's records with a "free world" address. *Id.* Thus the petition is now moot to the extent that it requests immediate release on bond. *See Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007)("[A]n action is moot when the court cannot grant the relief requested by the moving party."); *cf. Reed v. Sollie*, Civil Action No. 3:17cv604-TSL-LRA, 2018 WL 1023762 (S.D. Miss. Feb. 22, 2018)(dismissing § 2241 petition brought by pre-trial detainee seeking release from custody and enforcement of right to speedy trial).

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of May, 2020.

s/ F. Keith Ball                                        .
UNITED STATES MAGISTRATE JUDGE